680 A.2d 881

**Bradley R. SORBER and Phyllis Sorber**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 11, 1995.

Filed July 12, 1996.

508

Edwin A. Abrahamsen, Scranton for appellant.

Sidney D. May, West Pittston, for appellees.

Before McEWEN, KELLY and HESTER, JJ.

HESTER, Judge.

American Motorists Insurance Company appeals from the August 10, 1995 order [1] entered by the trial court in this action

---

1. We consider the instant order a declaration of the insured's rights under the policy. Accordingly, it is a final, appealable order. *See Palladino v. Dunn,* 361 Pa.Super. 99, 521 A.2d 946 (1987)

which was filed by appellant's insureds, Bradley R. and Phyllis Sorber. We affirm.

The record reveals the following. Appellant's insureds, Bradley R. and Phyllis Sorber (appellees), were involved in an automobile accident on August 1, 1992, with Daniel Agresta, the tortfeasor. Anthem Insurance Company insured Daniel Agresta. On behalf of Agresta, Anthem tendered a partial settlement of $40,000 of the tortfeasor's face amount of $50,-000 liability, or eighty percent of the policy. The issues of liability and damages had not yet been determined. Appellees informed appellant that they desired to accept the proposed settlement as long as the settlement did not preclude their claim for the underinsured coverage under their insurance policy with appellant. Appellant refused to agree to any proposed settlement for less than the face amount of the tortfeasor's policy for bodily injury liability. On July 17, 1995, appellees filed a praecipe for a writ of summons and on July 24, 1995, a petition to resolve their rights under their policy.

The court issued a rule to show cause and then filed the contested order. In the order, the trial court offered appellant two choices. Either it could pay appellees the $40,000 which had been offered by the tortfeasor's insurer from the $50,000 face value of the tortfeasor's policy within ten days and preserve its right to proceed against the other insurer in the trial as subrogee, or appellees could settle the action against the tortfeasor for the $40,000 offered. Appellees nevertheless then would be permitted to go forward with arbitration regarding the amount of their uninsured motorist's claim, with appellant receiving credit toward the unexhausted underinsured motorist coverage for the gap between underinsured motorist coverage liability and the face amount of the tortfeasor's policy. Appellant wished to avoid either agreeing to the settlement or tendering its draft now since liability and damages have yet to be determined through arbitration. This appeal followed.

In *Boyle v. Erie Insurance Co.*, 441 Pa.Super. 103, 656 A.2d 941 (1995), we declared that an exhaustion clause which requires that the limits of bodily insurance coverage must be

exhausted prior to any claim for underinsured motorist coverage was against public policy and did not preclude recovery by the insured from underinsurance motorist coverage. We nevertheless required that a credit must be given to the insured's insurance company for any difference between such a settlement and the ultimate award of damages. In *Chambers v. Aetna Casualty*, 442 Pa.Super. 155, 658 A.2d 1346 (1995), we expressly determined that failure to settle a claim for the tortfeasor's full policy face value did not bar an insured's subsequent claim for underinsurance motorist coverage but held that the insurer could not also be required to pay the insured any gap between the partial settlement and the limits of the underinsurance coverage. The trial court simply is applying this precedent in the instant case.

■ Appellant first argues that *Chambers* is not binding. It argues that the Supreme Court has not yet denied a pending petition for allowance of appeal filed in the *Chambers* case. It therefore claims *Chambers* is not binding precedent. We reject this claim. As long as the decision has not been overturned by our Supreme Court, it remains binding precedent. Consequently, the trial court order is proper.

■ Appellant next claims that although a petition for allowance of appeal was denied by our Supreme Court in *Boyle, Boyle* is distinguishable on its facts. Appellant notes that whereas the insured in *Boyle* actually had settled with the tortfeasor, only a proposed settlement has been offered at this point in the present case. Further, appellant asserts there was a considerable and unreasonable delay of ten months by the insurer in *Boyle;* whereas in the instant case only two months have elapsed since the proposed settlement offer. Therefore, appellant asserts the trial court's order is premature, and it is unfair to force it to settle now for less than the face value of the tortfeasor's policy or tender its draft to its insured and pursue its subrogation rights.

We disagree. The reasoning in *Boyle* applies herein even though the period since the offer of settlement is short. If the insureds wish to accept the tender of less than the face

amount of the tortfeasor's policy, and the insurer nonetheless is to receive a credit against the uninsured motorists' award for the full value of the policy, *Boyle* is satisfied. *Boyle* stands for the proposition that an insurer may not unreasonably withhold permission to settle for less than the face value of the tortfeasor's policy limits when it will be protected by a credit for the difference against any liability it may incur for underinsurance coverage. That reasoning applies herein. Two months is sufficient time to consider a settlement offer. Further, the fact that a settlement has not yet occurred does not alter this.

In this case, appellant was given a credit to insulate it against any liability for underinsured payments for the difference between the settlement and the face value of the tortfeasor's policy. The settlement herein represented eighty percent of the face value of the tortfeasor's liability coverage. Appellant has not alleged any concrete benefit from delay or what prejudice will occur by not delaying, other than it must accept the settlement and waive its subrogation rights or tender the draft to its insureds and pursue its subrogation rights. We already have declared that exhaustion clauses as a predicate for coverage under underinsurance provisions of an insurance contract are void as against public policy. This, in reality, is what appellant is doing by not approving the settlement. Accordingly, we conclude that order of the trial court is proper.

Order affirmed.

McEWEN, J., files a concurring statement and concurs in the result.

McEWEN, Judge, concurring.

I concur in the result reached by the majority since this panel is bound by the panel decisions in *Boyle v. Erie Insurance Company*, 441 Pa.Super. 103, 656 A.2d 941 (1995), *allo. denied*, 542 Pa. 655, 668 A.2d 1120 (1995); *Chambers v. Aetna Casualty & Surety Co.*, 442 Pa.Super. 155, 658 A.2d 1346 (1995), *allo. denied*, 543 Pa. 707, 672 A.2d 303 (1996); and

*Kelly v. State Farm Insurance Company,* 447 Pa.Super. 214, 668 A.2d 1154 (1995), and write only to express a concern.

Recent history has witnessed the demise of the No Fault Act at the pens of judicial revision of the express provisions of insurance policies. Our legislature responded by enactment in 1984, of the Pennsylvania MVFRL. However, judicial interpretation of the MVFRL triggered further legislative attention and enactment in 1990, of the Act 6 amendments to the MVFRL.

This Court in *Boyle* was called upon to interpret the provisions of a policy issued in conformity with the MVFRL prior to the enactment of Act 6. However, subsequent decisions of this Court—which, unlike *Boyle,* involved policies issued *after* the effective date of the Act 6 amendments—have effectively rewritten the underinsured motorist coverage provisions of every policy of insurance issued in Pennsylvania.

One may not gainsay that, in ruling upon issues of coverage, this Court is required to give effect to the clear and unambiguous language of the contract of insurance, and may disregard those express provisions only where they are found to be void as violative of a positive rule of statutory or decisional law. *Hall v. Amica Mutual Insurance Co.,* 538 Pa. 337, 648 A.2d 755 (1994). In *Boyle v. Erie Insurance Company, supra,* our illustrious colleague of revered memory, Judge Donald E. Wieand, in interpreting a contract of insurance issued in conformity with the *pre-Act 6* version of the MVFRL, held that the express requirement in the policy issued to the Boyles—namely, that the limits of all applicable bodily injury liability policies be exhausted prior to the arbitration of any claim for underinsured motorist coverage—was void as contrary to public policy where underinsured motorist coverage was required by law and the insured had received an offer to settle of $15,000.00 from one tortfeasor whose total coverage was $15,000.00 and an offer of $150,000.00 from the other tortfeasor whose liability coverage was $300,000.00.

This Court subsequently examined the issue of exhaustion of liability coverages in *Chambers v. Aetna Casualty & Surety*

*Co., supra, a post-Act 6 case,* without, however, analyzing the effect of the Act 6 amendments which had made underinsured motorist coverage voluntary rather than mandatory. Our court there proceeded to hold that the offer of a structured settlement with a total payout of $110,545.00 and a present value of $90,000.00 was sufficient to trigger the rule in *Boyle, a pre-Act 6 decision,* where the total liability coverage available was $100,000.00.

The liability coverage exhaustion issue was then visited in *Kelly v. State Farm Insurance Company, supra,* where the claim for underinsured motorist benefits was predicated on the death of the named-insured's 11–year–old daughter. Even though the carrier for the tortfeasor made an offer to pay but 25% of its liability limit of $50,000.00, this Court held that the offer was sufficient to compel arbitration of the underinsured claim. Anomalously enough, however, the *Kelly* court noted that "an exhaustion clause must be interpreted to provide protection to an insurance company against a demand by its insured to fill the 'gap' after a weak claim has been settled for an unreasonably small amount." *Kelly v. State Farm Insurance Company, supra* at 221, 668 A.2d at 1157, *quoting Boyle v. Erie Insurance Company, supra* at 108, 656 A.2d at 943. In light of this holding of *Kelly,* compelling arbitration of an underinsured motorist claim arising under a policy issued after the effective date of Act 6, where the tortfeasor offered only 25% of his available coverage, I am unable to discern when, if ever, an insurer can properly invoke its contractual right to require exhaustion of an applicable liability policy. Thus, it would appear that our Court again has revisionist pen in hand, this time to alter the MVFRL to preclude any policy issued in conformity therewith from containing an exhaustion clause. Thus it is that I concur in the result.