759 A.2d 371

**Beth A. HUMPHREYS, Respondent,**

v.

**William DeROSS, Petitioner.**

Supreme Court of Pennsylvania.

Sept. 14, 2000.

Stephen E. Hall, Meadville, Joanne Ross Wilder, Pittsburgh, for petitioner.

## ORDER

PER CURIAM:

**AND NOW,** this 14th day of September, 2000, we **GRANT** the Petition for Allowance of Appeal and we direct the parties to address the following issues:

1. Is an inheritance included in the definition of "income" as set forth in Section 4302 of the Divorce Code, 23 Pa.C.S.A. 4302?

2. If an inheritance meets the statutory definition of "income," should the entire inheritance be considered as income when calculating a support order or only the interest generated or imputed to be generated by the entire inheritance?

3. If an inheritance is not included when calculating a support order under the Support Guidelines, should it be considered a factor in deviating from the support amount determined by the Guidelines?

4. If an inheritance is considered when calculating support, should it be allocated over the period of the child's

minority or limited to the year following receipt of the inheritance?

5. Should the amount of an inheritance affect the way in which it is considered for calculating a support order?

6. Should a payor who receives an inheritance be required to place in escrow an amount sufficient to secure the support obligation?