## Cunningham v. McCall

C.P. of Allegheny County, no. FD 96-6217-001.

*Christine Marie Selden,* for plaintiff.
*Luke Kelly,* for defendant.

LUCCHINO, *J.,* June 25, 2001—This is an appeal from the court's January 9, 2001 order dismissing exceptions of defendant/appellant Edward C. McCall III (Father) and cross-exceptions of plaintiff/appellee Cynthia A. Cunningham (Mother) to a hearing officer's recommendation modifying support for the parties' minor child. Mother has not cross-appealed.

## PROCEDURAL HISTORY

The parties, never husband and wife, had one child, Roman Cunningham, who was born June 5, 1996. In March 1997, Father was ordered to pay $126 per month for the support of Roman. At the time, Father was found to have an earning capacity of $600 per month. On August 5, 1998, Father received a lump sum of $44,051 as inheritance from his father's estate. Father did not notify

the court of his receipt of this money. On February 2, 1999, without reliance on Father's inheritance, Father's support payment for Roman was increased to $418 per month (largely because of an increase in Father's income). On March 1, 2000, Father's support payment (again without reliance on Father's inheritance) was increased to $679 per month. On September 14, 2000, a support hearing was held pursuant to Father's petition for reduction of support, dated April 17, 2000. Father sought the reduction because he had lost his job.

Following the hearing, the hearing officer recommended that Father pay $641 per month for basic support of Roman through September 30, 2000, and $749 per month thereafter. In calculating Father's income for support purposes, the hearing officer included $232 per month that was the $44,051 inheritance spread out over 190 months (the length of time from Father's receipt of the inheritance on August 5, 1998, to Roman's expected emancipation on June 5, 2014).

Father and Mother filed exceptions and cross-exceptions, respectively, to the hearing officer's recommendation, which were dismissed by this court by order dated January 9, 2001. It is from that order that Father appealed.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Father, in his concise statement of matters complained of on appeal, states the following:

"(1) The trial court erred in dismissing Father's exceptions interposed to the recommendation issued by the hearing officer on September 14, 2000.

"(2) The trial court erred in determining that monies distributed to Father through an estate now more than two years prior to the filing of Mother's petition for modification was 'income' for support purposes where the facts of the case reveal that said funds had been utilized by Father to pay the outstanding debt for his post-secondary education and related expenses.

"(3) The trial court erred in determining that monies distributed to Father through an estate more than two years prior to the filing of Mother's petition for modification was income for support purposes where the Supreme Court of Pennsylvania has granted the petition for allowance of appeal in the matter of *Humphreys v. DeRoss,* 737 A.2d 775 (Pa. Super. 1999), *alloc. granted,* 563 Pa. 216, 759 A.2d 371 (2000), and the court has directed the parties to address the following issues:

"(a) Is an inheritance included in the definition of 'income' as set forth in section 4302 of the Divorce Code, 23 Pa.C.S. §4302?

"(b) If an inheritance meets the statutory definition of 'income,' should the entire inheritance be considered as income when calculating a support order or only the interest generated by the entire inheritance?

"(c) If an inheritance is not included when calculating a support order under the support guidelines, should it be considered a factor in deviating from the support amount determined by the guidelines?

"(d) If an inheritance is considered when calculating support, should it be allocated over the period of the child's minority or limited to the year following receipt of the inheritance?

"(e) Should the amount of an inheritance affect the way in which it is considered for calculating a support order?

"(f) Should a payor who receives an inheritance be required to place in escrow an amount sufficient to secure the support obligation?"

## DISCUSSION

Father's appeal raises three main issues: did this court err in including in Father's income for child support purposes the inheritance Father received (1) 20 months before the relevant modification petition was filed; (2) despite evidence being presented that Father used that money to pay off debt related to his post-secondary education; and (3) given the pendency before the Supreme Court of the *Humphreys* case.

### *Inclusion of August 1998 Inheritance in Income*

Before this court, Father argued he did not know at the time he received his inheritance in August 1998 that it was income for support purposes. Although *Humphreys* was not decided until 1999,[1] it was not inconceivable in August 1998 that inheritance might be treated as income. In fact, at oral argument, Father's counsel admitted that many practitioners who regularly handled support matters assumed inheritance was income. More significantly, Father, at the time he received his inheritance, was paying only $126 per month in support for his minor child based on a part-time earning capacity of $600. Nonetheless, Father admittedly did not report to the court that he had received this money. A reasonably prudent person would have known that there might be some risk that his

---

1. *Humphreys* merely clarified statutory law that predated Father's receipt of his inheritance. See *Humphreys,* 737 A.2d at 781-82 (Joyce, J., concurring).

inheritance could be attributed to him as income for support purposes. Thus, Father's decision not to inform the court of his inheritance was made at his own peril, and when balancing the equities of the situation and the best interests of the child, this court could not help but find that, given the *Humphreys* decision, the money Father received not only was income for support purposes but also should be added to his current income based on the spreading of that income over 190 months.

Father argued before this court that 23 Pa.C.S. §4352(e) barred modification of the support order prior to the date of the modification petition. However, an exception exists where the petitioner "was precluded from filing a petition for modification by reason of . . . misrepresentation of another party or other compelling reason." In this case, the order appealed from did not set a retroactivity date earlier than the date of the modification petition. It was retroactive to April 17, 2000, the date of the petition.[2] Thus, section 4352(e) does not apply. However, even if section 4352(e) did apply, failure to report income qualifies for the above-mentioned exception. See *Simmons v. Simmons,* 723 A.2d 221 (Pa. Super. 1998).

### Inheritance Used To Repay Educational Debt

Father also argues that his inheritance should not have been treated as income because he spent the money to pay off part of a student loan and also a $16,500 "handshake" loan with a friend, which Father contends he used

---

2. Father actually got some benefit from not disclosing his inheritance to the court at the time of receipt: he had a lower support order for the period from August 1998 to April 2000 because the support order was not made retroactive to August 1998.

to pay his living and other expenses while he was in school. Setting aside the skepticism with which this court views the $16,500 repayment of an undocumented loan to a "friend," Father overlooks that child support is a primary obligation of the parties and that, because it is "a parent's inescapable duty to provide for the reasonable needs of one's children to the best of his or her ability, Pennsylvania courts have sometimes required a parent to make sacrifices in order to achieve the support goal." *Humphreys,* 737 A.2d at 779; *Babish v. Babish,* 361 Pa. Super. 118, 123, 521 A.2d 955, 958 (1987) (emphasizing that a parent has the primary obligation to support his children and that he may not diminish his ability to pay child support in order to ensure a more comfortable existence for himself).

Furthermore, Father did not cite to, and this court is not aware of, any authority that states that repayment of education-related debts is exempt from consideration for support purposes. For these reasons, the court rejected Father's argument on this issue.

### *Grant of Allocatur in* Humphreys

Father also contends the Supreme Court's granting allocatur in *Humphreys* means that this court should not have found Father's inheritance to be income. Although the Supreme Court appears, based on the issues it has accepted for appeal, to be considering whether or not the Superior Court erred in holding that inheritance is income for support purposes, the Superior Court's ruling in *Humphreys* remains the law of this Commonwealth, at least for now. See *Sorber v. American Motorists Insurance Co.,* 451 Pa. Super. 507, 510, 680 A.2d 881, 882

(1996) ("As long as [a] decision has not been overturned by our Supreme Court, it remains binding precedent."). Thus, this court had no choice but to rule based on the law as it stood at the time.

## CONCLUSION

For the foregoing reasons, the court's January 9, 2001 order should be affirmed.