**Commonwealth v. Thompson**

---

C.P. of Lycoming County, Nos. CR-36-2013; CR-1737-2013

*Eric R. Linhardt*, for Commonwealth.
*Ronald C. Travis*, for defendant.

LOVECCHIO, *J.*, January 17, 2014—Before the court is defendant's motion in limine filed on December 3, 2013.

Under Information 36-2013, defendant is charged with, among other things, driving under the influence of alcohol, incapable of safely driving, Refusal in violation of 75 Pa. C.S.A. § 3802 (a) (1). The incident underlying the charges is alleged to have occurred on December 25, 2012.

Under Information 1737-2013, the defendant is also charged with DUI and related offenses. Count 1 charges defendant with driving under the influence, incapable of safely driving in violation of 75 Pa. C.S.A. § 3802 (a) (1) and count 2 charges defendant with driving under the influence with a highest rate of alcohol in violation of 75 Pa. C.S.A. § 3802 (c).

The parties have stipulated that the grading of the DUI offense under information 36-2013 is a misdemeanor of the first degree in that it is defendant's second offense within the ten-year look back period. The parties have also stipulated that count 2 under information 1737-2013 is also a misdemeanor of the first degree because it is defendant's second offense within ten years.

Defendant's motion in limine seeks a determination by the court that despite the grading of the respective DUI offenses, the maximum permitted by statute and applicable case law on each offense should be six months.

A hearing and argument on the motion in limine was held before the court on January 6, 2014. Defendant argued that the Superior Court decision in *Commonwealth v. Musau* was controlling as to the refusal count and that its reasoning should be determinative with respect to the highest rate count.

In *Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super. 2013), a Superior Court panel concluded that although a refusal to submit to blood alcohol testing results in the grading of a DUI offense as a first degree misdemeanor, the maximum for a first or second conviction for such is six months imprisonment. Utilizing the rules of statutory construction, the court referred to the possibility of the legislature having different motives in grading an offense and fixing its punishment and that the specific language of a penalty trumped the general language of offense grading. The court held that the maximum sentence allowable for a conviction under 75 Pa. C.S.A. § 3802 (a) (1), incapable of safely driving, where the individual refused testing of blood or breath and has no more than one prior offense, is six months.

The Commonwealth argued that the court should not follow *Musau*, because a petition for allowance of appeal was filed with the Pennsylvania Supreme Court and the Pennsylvania Supreme Court accepted the appeal. The court acknowledges that a petition for allowance of appeal was filed to docket number 510 EAL 2013, but the docket does not reflect, and the court has been unable to find, an order granting the petition. Regardless, the Commonwealth has not cited any case or statutory authority to support its position that, because a petition for an appeal is filed, a duly filed and published opinion of the Superior Court need not be followed by the trial court. In fact, there is appellate

case law to the contrary, such that not only is the trial court bound by the decision, but so are other panels of the Superior Court. *See Marks v. Nationwide*, 762 A.2d 1098, 1101 (Pa. Super. 2000)(even though petition for allowance of appeal was granted, decision of Superior Court remains binding precedent as long as it has not been overturned by the Pennsylvania Supreme Court), *appeal denied*, 788 A.2d 381 (Pa. 2001); *Sorber v. American Motorists Ins. Co.*, 680 A.2d 881, 882 (Pa. Super. 1996)(Superior Court decision binding precedent despite pending petition for allowance of appeal).

Alternatively, the Commonwealth argued that the Superior Court decision in *Commonwealth v. Mendez*, No. 3274 EDA 2011, J-A25038-12 (October 15, 2012) (Memorandum opinion) should control. In *Mendez*, a different Superior Court Panel addressed the same issue, that being the contradiction between two separate sections of the DUI statute, but held that where a defendant has one prior DUI conviction and refuses chemical testing the individual commits a misdemeanor of the first degree and the maximum sentence allowed by law is five years. It is improper, however, for the Commonwealth to cite *Mendez* or rely on it in any way. *Mendez* is an unpublished, non-precedential memorandum decision. The internal operating procedures of the Superior Court specifically state: "An unpublished memorandum decision shall not be relied upon or cited by a court or a party in any other action or proceeding...."[1] Super. Ct. I.O.P. §65.37. The Commonwealth has failed to provide the court with any case or statutory authority upon which the court could rely upon the *Mendez* decision, regardless of whether the court

---

1. There are two exceptions to this rule, neither of which is applicable in this case.

agreed with its reasoning.

This court is constrained to apply the decision in *Musau* to count 1 under information 36-2013. In this count, defendant is charged with DUI-incapable of safely driving in violation of Section 3802(a)(1). While Section 3803(b)(4) of the Vehicle Code states that an individual who violates Section 3802(a)(1) and who has one or more prior offenses commits a misdemeanor of the first degree, Section 3802(a)(1) provides that, notwithstanding the provisions of subsection (b), an individual who violates Section 3802(a) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months. The Superior Court in *Musau* found that the word "notwithstanding" meant despite; therefore, despite the provisions of Section 3802(b)(4), the maximum term of imprisonment allowable for a second DUI incapable of safely driving offense where the individual refused blood or breath testing is six months. Applying the holding and reasoning of *Musau*, the court concludes that the maximum term of imprisonment to which defendant may be sentenced with respect to count 1 under information 36-2013 is six months. 75 Pa. C.S.A. § 3803(a)(1).

Under information 1637-2013, defendant argues that the DUI-highest rate of alcohol offense (count 2) should also be capped at a six-month sentence. The court cannot agree.

DUI with the highest rate of alcohol is not a violation of section 3802(a)(1). Instead, it is a violation of 75 Pa. C.S.A. § 3802 (c). Therefore, section 3802(a)(1) which limits the maximum sentence to six months does not apply to this count. Unlike an incapable of safely driving refusal case,

the only statutory provision that limits a 3802 (c) offense to a term of imprisonment of not more than six months is when the individual has no prior offenses. 75 Pa. C.S.A. § 3803 (b) (2). The parties have stipulated that defendant has one prior offense within ten years. Therefore, section 3803(b)(2) does not apply and defendant's sentencing exposure is not limited to six months of incarceration.

The determinative statutory provision where an individual violates § 3802 (c) and has one or more prior offenses is section 3803(b)(4), which provides that a DUI with the highest rate of alcohol is graded as a misdemeanor of the first degree. Because this is a second offense, the mandatory minimum is 90 days and the mandatory fine is $1,500.00. 75 Pa. C.S.A. § 3804. There being no other provision to the contrary, the statutory maximum for a misdemeanor of the first degree is five years. 18 Pa. C.S.A. §§ 106 (b) (6), 1104(1). Accordingly, the court holds that the maximum sentence applicable to count 2 under information 1737-2013 is five years, not the six months as claimed by defendant.

In conclusion, regardless whether the court agrees with the decision in *Musau*, the court is bound to apply its holding to similar facts. Our entire system of jurisprudence is dependent upon the principles of stare decisis and lower courts not making law but applying the law to the facts of a case. To do otherwise would create chaos in our legal system and invite a system of justice based on individual desires, whims and prejudices instead of a system based on laws and order.

## ORDER

And now, this 17th day of January 2014, following a hearing and argument on defendant's motion in limine,

said motion is granted in part and denied in part. If defendant is convicted under Information 36-2013 with respect to count 1, driving under the influence incapable of safely driving (refusal), a misdemeanor of the first degree, his statutory maximum is six months. If defendant is convicted under information 1737-2013 with respect to counts 2, driving under the influence with a highest rate of alcohol, also a misdemeanor of the first degree, the maximum period of incarceration to which defendant could be sentenced is five years.