J-S47032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EUGENE MCCLURE | |
| Appellant | No. 3111 EDA 2013 |

Appeal from the PCRA Order entered on October 31, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1031753-1988

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED OCTOBER 22, 2014**

Eugene McClure challenges the order of October 31, 2013, which dismissed his third petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  In his petition, McClure argued that he was entitled to relief under the United States Supreme Court's decision in ***Missouri v. Frye***, 132 S.Ct. 1399 (U.S. 2012), in which the Court held that defense counsel has a duty to convey to the defendant potentially favorable plea bargains proposed by the prosecution.  The trial court ruled that ***Frye*** did not create a new and retroactive constitutional right such as would incur the application of an exception to the PCRA's jurisdictional time limit, thus concluding that it lacked jurisdiction to grant McClure relief.  We affirm.

Given the circumstances of this case and the grounds of our disposition, we need only review the procedural history of this case:

On November 10, 1989, following a jury trial . . ., [McClure] was convicted of one count of murder of the second degree (18 Pa.C.S. § 2502(b)), one count of criminal conspiracy (18 Pa.C.S. § 903), one count of kidnapping (18 Pa.C.S. § 2901), and two counts of burglary (18 Pa.C.S. § 3502). On March 2, 1990, the [trial court] imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(a)(1)), to be followed by an aggregate sentence of 10-20 years['] imprisonment for the other charges. [McClure] appealed and the Superior Court affirmed his judgment of sentence on January 17, 1996. [McClure] did not file a petition for *allocatur* to the [Pennsylvania] Supreme Court. [McClure's] judgment of sentence thus became final on February 16, 1996. . . .

On October 1, 1997, [McClure] filed his first *pro se* petition pursuant to the [PCRA]. [The PCRA court appointed PCRA counsel to represent McClure.] On October 2, 2000, pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), [PCRA counsel] filed a letter stating that there was no merit to [McClure's] claims for collateral relief and a motion to withdraw as counsel. On January 26, 2001, [the PCRA court] dismissed [McClure's] petition as untimely and granted counsel's motion to withdraw. [McClure] filed an appeal, which was dismissed for failure to file a brief on August 23, 2001.

On June 16, 2006, [McClure] filed his second PCRA petition. As it was his second petition, no counsel was appointed. On November 15, 2007, [the PCRA court] dismissed [McClure's] petition as untimely. [McClure] did not appeal the dismissal.

On May 31, 2012, [McClure] filed his third PCRA Petition, styled as a petition for writ of *habeas corpus*. The [PCRA court] issued a Rule 907 Notice of Intent to Dismiss [McClure's] petition as untimely on February 5, 2013. On February 22, 2013 [new counsel was appointed to represent McClure.][1] As a Rule 907 Notice had already been filed, [counsel] filed two Rule 907 Responses, instead of an Amended Petition, on [McClure's] behalf. ***See*** Response to Notice Pursuant to Pa.R.Crim.P. 907, 4/23/2013, and Amendment to Response to Notice Pursuant to Pa.R.Crim.P. 907, 5/2/2013. . . . On October 31, 2013, the

[PCRA court] dismissed [McClure's] PCRA [petition], styled as a *habeas* petition, as untimely.

_____

1 While an indigent PCRA litigant is typically only entitled to court-appointed counsel on his first PCRA, *see* Pa.R.Crim.P. 904(C), [McClure] raised in this, his third petition, a claim pertaining to a recently-decided United States Supreme Court case, *Frye*, 132 S.Ct. 1399. The Post-Trial Unit of this Court therefore appointed counsel for [McClure] in order to investigate the merits of this claim. *See* Pa.R.Crim.P. 904(E) (authorizing appointment of counsel for any indigent defendant on a PCRA petition "whenever the interests of justice require it").

PCRA Court Opinion ("P.C.O."), 2/19/2014, at 1-2 (citations modified; footnote omitted).

On November 8, 2013, McClure filed a counseled notice of appeal from the PCRA court's dismissal of his PCRA petition. On November 12, 2013, the PCRA court issued an order directing McClure to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). McClure filed his Rule 1925(b) statement on November 15, 2013. On February 19, 2014, the PCRA court issued the above-excerpted Rule 1925(a) opinion.

Before this Court, McClure raises one issue: "Did the PCRA court err when it dismissed [McClure's] PCRA petition without a hearing . . . since [McClure] is entitled to relief pursuant to [*Frye*] . . . .?" Brief for McClure at 4. We agree with the PCRA court that McClure invokes *Frye* in vain under the circumstances of this case.

Our standard of review on appeal from an order denying a PCRA petition is whether the determination of the PCRA court is supported by the

evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). However, before we may review the PCRA court's decision substantively, we must confirm our jurisdiction to consider McClure's petition.

It is well-established that the PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the claims asserted. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). Courts may not disregard or alter these filing requirements in order to reach the merits of the claims raised in a PCRA petition that is untimely filed. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Despite facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves the application of one or more of the exceptions to the one-year time limit enumerated in subsection 9545(b)(1) of the PCRA. McClure seeks to establish only one exception, which the PCRA defines as follows:

> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> * * * *
>
> (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

> or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

Because McClure undisputedly filed his petition within sixty days of the Supreme Court's publication of **Frye**, the two jurisdictional questions at issue in this case are whether the Court's decision in **Frye** recognized a new rule of constitutional import, and whether that rule has been held by the Court to apply retroactively. The trial court determined correctly that the answer to both questions is no.

McClure's argument effectively ends before it begins. In McClure's brief, he admits that this Court already has held that **Frye** did not establish the sort of "new" and retroactive constitutional right that qualifies for the timeliness exception set forth in subsection 9545(b)(1)(iii). **See** Brief for McClure at 12-13 (discussing **Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013)). However, he insists that "[t]he Superior Court's decision in **Feliciano** was wrongly decided. . . . **Frye** created a new constitutional right in the context of the plea negotiation process." **Id.** at 12 (citing Rishi Batra, *Lafler and Frye: A New Constitutional Standard for Negotiation*, 14 Cardozo J. of Conflict. Res. 309 (2013)).

What McClure declines to face squarely is the time-honored principle that, for as long as one of this Court's decisions has not been overturned by

- 5 -

our Supreme Court, that decision continues to bind this Court. ***Marks v. N'wide Ins. Co.***, 762 A.2d 1098, 1101 (Pa. Super. 2000) (citing ***Sorber v. Amer. Motorists Ins. Co.***, 680 A.2d 881, 882 (Pa. Super. 1996)). ***But see Freed v. Geisinger Med. Ctr.***, 971 A.2d 1202, 1212 (Pa. 2009) ("[T]he doctrine of *stare decisis* is not a vehicle for perpetuating error, but rather a legal concept which responds to the demands of justice and, thus, permits the orderly process of the law to flourish. We should not follow a governing decision that is unworkable." (ellipsis and internal quotation marks omitted)). While McClure makes some effort to establish that ***Feliciano*** was wrongly decided, ***see*** Brief for McClure at 12-13, his argument is unconvincing. Moreover, we reaffirmed our holding in ***Feliciano*** in ***Commonwealth v. Hernandez***, 79 A.3d 649 (Pa. Super. 2013), which again rejected the ***Frye*** timeliness argument.

Put simply, there is nothing to distinguish McClure's argument that he should be entitled to the benefit of the "new retroactive constitutional right" exception to the PCRA's time bar from the parallel arguments raised in ***Feliciano*** and ***Hernandez***, which this Court rejected. We can discern no basis upon which to deviate from our commitment to honor *stare decisis* by departing from this Court's earlier rulings on the question presented in the instant case. Our rulings in ***Feliciano*** and ***Hernandez*** are supported amply by prior precedent. Consequently, we do not find that either decision is clearly erroneous or unworkable.

It is beyond cavil, and undisputed, that the instant PCRA petition was facially untimely. Moreover, it is recognized by all parties and the PCRA court that the sole exception invoked by McClure is the "new retroactive constitutional right" exception embodied in PCRA subsection 9545(b)(1)(iii). Our binding decisions in **Feliciano** and **Hernandez** establish beyond any reasonable dispute that **Frye** did not establish the sort of new and retroactive right to which subsection 9545(b)(1)(iii) applies; this conclusion will bind this Court unless and until it is modified or overturned by a higher court or this Court sitting *en banc*. Thus, the trial court did not err or abuse its discretion in determining that it lacked jurisdiction and dismissing McClure's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014

- 7 -