J-S46012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEANDRE PRINGLE PATTERS | : | |
| | : | |
| Appellant | : | No. 3586 EDA 2019 |

Appeal from the Order Entered November 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000993-2019

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 22, 2020**

Appellant, Deandre Pringle Patters, appeals from the trial court's November 26, 2019 order denying his pretrial motion to dismiss several firearm charges pursuant to the compulsory joinder rule.[1] After careful review, we affirm in part, reverse in part, and remand for further proceedings.

---

[1] "It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." ***Commonwealth v. Calloway***, 675 A.2d 743, 745 n.1 (Pa. Super. 1996). Here, Appellant attached to his notice of appeal an order entered by the court on December 6, 2019, stating that this appeal is non-frivolous. While that order was for some reason not entered on the docket, we will accept that it was filed because it was stamped by Clerk of Courts. "While an order denying a motion to dismiss charges on double jeopardy grounds is technically interlocutory, it is appealable as of right as long as the trial court certifies the motion as non-frivolous." ***Commonwealth v. Lynn***, 192 A.3d 194, 196 n.1 (Pa. Super. 2018); ***see also*** Pa.R.Crim.P. 587(B)(6).

The trial court briefly summarized the facts and procedural history of this case, as follows:

> On November 17, 2018, following a traffic stop, [Appellant] received a citation for summary traffic violations resulting from a traffic stop for operating a vehicle with no rear lights. During this interaction with police, [Appellant] was also arrested for carrying a firearm without a license ([18 Pa.C.S. §] 6106[a][1])[,] … carrying a firearm in public ([18 Pa.C.S. §] 6108[])[, and possession of a firearm by a person prohibited (18 Pa.C.S. § 6105(a)(1),] after the traffic stop led to the recovery of a firearm in [Appellant's] vehicle. On March 15, 2019, [Appellant] was found guilty *in absentia* of the summary traffic offenses. He was fined and sentenced on that date. After the disposition of the summary traffic offenses, the [section] 6105[,] … [section] 6106[, and section 6108] charges have remained open.
>
> [Appellant] filed a pretrial motion to dismiss [those charges] pursuant to 18 Pa.C.S.[] § 110 on September 11, 2019[,] and the trial court denied this motion on November 26, 2019.

Trial Court Opinion, 2/27/20, at 1-2 (footnotes, unnecessary capitalization, and citations to the record omitted).

Appellant filed a timely notice of appeal from the court's November 26, 2019 order. Herein, he states one issue for our review:

> I. Did the trial court err in denying [Appellant's] Motion to Dismiss Pursuant to 18 Pa.C.S. § 110 where the Commonwealth failed to join the prosecutions of all offenses arising from the same criminal episode and occurring within the same judicial district, and where [Appellant] was charged and found guilty of traffic offenses prior to [the] commencement of the trial on the related firearms charges forming the basis for the instant prosecution?

Appellant's Brief at 3.

Initially, we note that the facts of this case are undisputed, and thus, the issue before us "presents a question of law. Consequently, our scope of

- 2 -

review is plenary, and our standard of review is *de novo*." ***Commonwealth v. Johnson***, 221 A.3d 217, 219 (Pa. Super. 2019), *appeal granted*, 237 A.3d 962 (Pa. 2020) (citation omitted).

Appellant contends that his prosecution for the firearm offenses with which he is charged is barred under the compulsory joinder rule set forth in 18 Pa.C.S. § 110 and our Supreme Court's decision in ***Commonwealth v. Perfetto***, 207 A.3d 812 (Pa. 2019). Section 110 prohibits a subsequent prosecution if:

> (1) The former prosecution resulted in an acquittal or in a conviction ... and the subsequent prosecution is for:
>
> ***
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense….

18 Pa.C.S. § 110(1)(ii).

In ***Perfetto***, our Supreme Court addressed whether section 110(1)(ii) barred the Commonwealth from prosecuting Perfetto on pending DUI charges when he had already been tried and convicted of a summary traffic offense, stemming from the same incident, in the Traffic Division of the Philadelphia Municipal Court ("PMC"). ***Perfetto***, 207 A.3d at 813. The Court ultimately concluded that Perfetto could not be prosecuted for the DUI charges because they could have been tried with the traffic offense in the General Division of the PMC. The Court explained that, unlike the Traffic Division's limited

jurisdiction over summary traffic offenses, the General Division of the PMC has jurisdiction to adjudicate both summary and misdemeanor offenses. *Id.* at 823. Accordingly, because all of Perfetto's alleged offenses arose from the same criminal episode, they occurred within the same judicial district, the prosecutors knew of the other offenses when they tried the case in the municipal court, and the General Division of the PMC had original jurisdiction over **both** the summary offense and the DUI offenses, the **Perfetto** Court held that the Commonwealth was required to try all of its charges together in the PMC.

After **Perfetto**, this Court decided **Johnson**. There, Johnson was charged with a summary traffic offense, as well as possession of heroin and possession with intent to deliver (PWID) heroin. **Johnson**, 221 A.3d at 218. Johnson was initially convicted of the summary offense in the Traffic Division of the PMC. *Id.* When the Commonwealth later sought to prosecute him in the court of common pleas for his possession and PWID offenses, Johnson filed a motion to dismiss those charges, citing section 110. *Id.* The trial court denied the motion. On appeal, this Court affirmed in part and reversed in part. *Id.* Initially, we held that the charge of possession of heroin should have been dismissed under section 110 and **Perfetto**. *Id.* at 219. We reasoned that the General Division of the PMC had jurisdiction over that offense and, thus, the Commonwealth was required to try them together. *Id.*

However, the **Johnson** panel concluded that the Commonwealth was permitted to prosecute Johnson's PWID charge pursuant to 18 Pa.C.S. § 112(1). That section states:

> A prosecution is not a bar within the meaning of section 109 of this title (relating to when prosecution barred by former prosecution for same the offense) through section 111 of this title (relating to when prosecution barred by former prosecution in another jurisdiction) under any of the following circumstances:
>
> > (1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

18 Pa.C.S. § 112(1).

> The **Johnson** panel recognized that,
>
> [t]he [PMC's] criminal, subject-matter jurisdiction extends to "summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is file…" and "criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years…." 42 Pa.C.S.[] § 1123(a)(1), (2). All other criminal offenses occurring in the First Judicial District of Pennsylvania come within the unlimited, original, subject-matter of the Court of Common Pleas of Philadelphia.

**Johnson**, 221 A.3d at 220. Because Johnson's PWID offense was punishable by up to 15 years' incarceration, the **Johnson** panel determined that his former prosecution for his summary traffic offense occurred "before a court which lacked jurisdiction over the … offense" of PWID. **Id.** at 221. Accordingly, we held that "the court of common pleas may properly assert its separate, original jurisdiction over that charge under [s]ection 112." **Id.**

We agree with the Commonwealth that the circumstances of the present case mirror those in **Johnson**. The Commonwealth explains:

Here, just as in **Johnson**, the [PMC] had jurisdiction over one of [Appellant's] pending charges, but did not have jurisdiction over the other two. The [PMC] only has jurisdiction over misdemeanor or felony offenses punishable by up to five years of imprisonment. 42 Pa.C.S. § 1123. [Appellant's] charge for possession of a firearm by a prohibited person, 18 Pa.C.S. [§] 6105, can be either a first or second-degree felony, which may be punishable up to [ten or] twenty years. 18 Pa.C.S. § 1103(1). [Appellant's] charge for carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), is a third-degree felony,[3] which is punishable by up to seven years. 18 Pa.C.S. § 1103(3). [Appellant's] charge for carrying a firearm in public in Philadelphia, 18 Pa.C.S. § 6108[,] is a first-degree misdemeanor, which is punishable by up to five years. 18 Pa.C.S. § 6119; 18 Pa.C.S. § 1104(1). Because the municipal court did not have jurisdiction over [Appellant's section] 6105 and [section] 6106 charges, it properly applied **Johnson** and denied [Appellant's] motion to dismiss [those charges]. However, because the municipal court did have jurisdiction over [Appellant's section] 6108 charge, it should have granted [Appellant's] motion in that limited respect.

[3] The Commonwealth recognizes that under 18 Pa.C.S. § 6106(a)(2), the crime is a first-degree misdemeanor where [a] defendant was "otherwise eligible" for licensure and "has not committed any other criminal violation.["] Here[,] however, [Appellant's] information specifically charged him under [section] 6106(a)(1), the felony subsection.

Commonwealth's Brief at 6.

Based on the Commonwealth's argument and the record before us, we conclude that **Johnson** controls our decision in this case.[2] We reject Appellant's counter-argument that his firearm charges should be dismissed

---

[2] While our Supreme Court has granted allowance of appeal in **Johnson**, it remains binding precedent unless or until it is overturned. **See In re S.T.S., Jr.**, 76 A.3d 24, 44 (Pa. Super. 2013) (citing **Sorber v. American Motorists Ins. Co.**, 680 A.2d 881, 882 (Pa. Super. 1996) (holding that even though a petition for allowance of appeal was pending before the Pennsylvania Supreme Court, the decision remained binding precedent as long as it had not been overturned by the Court)).

because the traffic offense could have been prosecuted along with the firearm charges in the court of common pleas. As the Commonwealth aptly observes, "the applicability of [section] 112(1) does not depend on the current court['s] having jurisdiction over the previously adjudicated charges, but rather[,] whether the court that adjudicated those prior charges also had jurisdiction over the charges [Appellant] is seeking to dismiss." Commonwealth's Brief at 7.

Moreover, we decline to follow the case cited by Appellant, *Commonwealth v. Foreman*, 2019 WL 2375407, *2 (Pa. Super. June 5, 2019) (unpublished memorandum) (finding that, under *Perfetto* and a "straightforward application" of section 110(1)(ii), the Commonwealth was precluded from prosecuting Foreman for misdemeanor and felony firearm charges because he had previously been convicted of summary offenses before the PMC stemming from the same conduct). First, *Foreman* is a non-precedential memorandum decision, while *Johnson* is binding precedent. Second, the *Foreman* panel did not consider section 112. Third, the *Foreman* case was decided before *Johnson*. Accordingly, *Johnson* controls.

In sum, we conclude that the Commonwealth is barred from prosecuting Appellant's charge under 18 Pa.C.S. § 6108, as that offense could have been tried with Appellant's summary traffic offense in the PMC. Consequently, we reverse the portion of the order denying Appellant's motion to dismiss his charge under section 6108. However, we affirm the trial court's order to the extent it denied Appellant's motion to dismiss his charges under 18 Pa.C.S.

§§ 6105 and 6106(a)(1). The Commonwealth is permitted to prosecute Appellant for those crimes under section 112(1) and **Johnson**. Accordingly, we remand for further proceedings on the section 6105 and section 6106(a)(1) charges.[3]

Order reversed in part and affirmed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2020

---

[3] On December 1, 2020, Appellant's counsel filed a petition to withdraw from representing Appellant due to a change in his employment. We hereby grant that petition, and direct the trial court to appoint new counsel for Appellant on remand.