J-S37027-19

2019 PA Super 312


COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :             PENNSYLVANIA
                                :
              v.                :
                                :
                                :
DEWITT JOHNSON,                 :
                                :
          Appellant.            :    No. 1233 EDA 2017


Appeal from the Order, April 3, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0008678-2015.


BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

OPINION BY KUNSELMAN, J.:                    **FILED OCTOBER 16, 2019**

Defendant Dewitt Johnson appeals from the pre-trial order refusing to dismiss the Commonwealth's charges of possession with intent to deliver heroin[1] and knowing/intentional possession of heroin[2] under the compulsory-joinder rules.[3]  For the reasons that follow, we partially affirm and partially reverse the order.

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] "It is well settled in Pennsylvania that a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous motion to dismiss on state or federal double jeopardy grounds." ***Commonwealth v. Calloway***, 675 A.2d 743, 745 n.1 (Pa. Super. 1996).  The trial court has certified this interlocutory appeal for our review.  "While an order denying a motion to dismiss charges on double jeopardy grounds is technically interlocutory, it is appealable as of right as long as the trial court certifies the

On June 23, 2015, police stopped Johnson for careless driving and discovered that he had been driving with a suspended license. They patted him down and found clear baggies containing unknown amounts of heroin. The police charged Johnson with the previously mentioned drug-related charges. He also received a citation for driving with a suspended license. Before bringing the drug charges in the Court of Common Pleas of Philadelphia, the Commonwealth tried and convicted Johnson of the summary offense in the Philadelphia Municipal Court (Traffic Division).

Because the Philadelphia Municipal Court and the Court of Common Pleas of Philadelphia are both in the First Judicial District of Pennsylvania, Johnson moved to dismiss the drug charges on the grounds that, under the General Assembly's statutes, the Commonwealth needed to try all of his offenses simultaneously. Johnson asserted the Commonwealth's failure to do so violated 18 Pa.C.S.A. § 110 and, as a result, put him in double jeopardy.[4]

Applying this Court's decision in **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*), the trial court refused to dismiss either of the drug charges. **Perfetto** was procedurally similar to this case. There, police pulled over Perfetto for driving without headlights at night, issued him a citation, and arrested him for drunk driving. The Commonwealth tried and

_____

motion as non-frivolous." **Commonwealth v. Lynn**, 192 A.3d 194, 196 n.1 (Pa. Super. 2018); **see also** Pa.R.Crim.P. 587(B)(6).

[4] Article I, § 10 of the Constitution of the Commonwealth of Pennsylvania dictates that "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb . . . ."

convicted Perfetto in the Traffic Division of the Philadelphia Municipal Court on the summary offense. The Commonwealth then attempted to try him for DUI in the trial court. Perfetto filed a dismissal motion based upon the compulsory-joinder statute.

The trial court dismissed Perfetto's DUI charge under 18 Pa.C.S.A. §110, which bars a subsequent prosecution if:

> (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:
>
> \* \* \* \* \*
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within **the same judicial district** as the former prosecution unless the court ordered a separate trial of the charge of such offense . . . .

18 Pa.C.S.A. § 110 (emphasis added).

The Commonwealth appealed, and this Court reversed the dismissal of the DUI charge. We held that, despite the plain language of 18 Pa.C.S.A. § 110 compelling joinder within the same judicial district, "the jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis, and it is particularly important in those judicial districts that, for various reasons, have distinct minor courts or magisterial district judges vested with exclusive jurisdiction over specific matters." **Perfetto**, 169 A.3d 1121.

Based upon that holding, the trial court here denied Johnson's motion to dismiss. It opined that because "Philadelphia has a traffic court separate

from the court of common pleas, the traffic offense may be disposed of at a prior proceeding without violating double jeopardy and barring subsequent prosecution for additional charges." Trial Court Opinion, 9/18/18, at 4. The trial court's analysis was entirely correct at the time. However, on April 26, 2019, while this appeal was pending, the Supreme Court of Pennsylvania reversed this Court's decision. *See Commonwealth v. Perfetto*, 207 A.3d 812 (Pa. 2019) ("*Perfetto II*").

The *Perfetto II* Court concluded that 18 Pa.C.S.A. § 110(1)(ii) barred the Commonwealth from further prosecuting Perfetto's offense of DUI. The Supreme Court reasoned that all of Perfetto's alleged offenses arose from the same criminal episode, occurred within the same judicial district, the prosecutors knew of the other offenses when they tried the case in the municipal court, and the Philadelphia Municipal Court's General Division had original jurisdiction over **both** the summary offense and the DUI offense. Therefore, the Commonwealth needed to try all of its charges in the municipal court.

Here, the Commonwealth concedes that *Perfetto II* controls the drug charge of knowing or intentional possession of heroin, because the municipal court had jurisdiction over that offense. **See** Commonwealth's Brief at 4. However, the Commonwealth still seeks to prosecute Johnson for possession with intent to deliver. The Commonwealth argues that it may do so "under 18 Pa.C.S.A. § 112, which provides an exception to Section 110. Section 112 applies in the case at hand, because the municipal court lacks jurisdiction over

- 4 -

[Johnson's] charge of possession with intent to deliver." Commonwealth's Brief at 4.

Johnson, who relies exclusively upon Section 110 in his brief, has not filed a reply brief to contest the Commonwealth's assertion of an exception to **Perfetto II** under Section 112.

"Because the relevant facts of this case are undisputed, this issue presents a question of law. Consequently, our scope of review is plenary, and our standard of review is *de novo*." **Perfetto II**, 207 A.3d at 821. Moreover:

> to the extent that the resolution of this appeal requires us to interpret Subsection 110(1)(ii) or any other statute, such a task is guided by the Statutory Construction Act, 1 Pa.C.S.A. §§ 1501-1991. Pursuant to the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S.A. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b).

*Id.*

The Commonwealth accepts Johnson's argument that Section 110(1)(ii) applies to the knowing-or-intentional-possession-of-heroin charge. All of the charges against Johnson arise from the same criminal episode, within the same judicial district, the municipal court convicted him for one of the offenses, and the Commonwealth was aware of the drug-possession offense before trying the summary offense. *See Commonwealth v. Fithian*, 961 A.2d 66, 71 (Pa. 2008) (distilling the four prongs of the test to dismiss for failure to join charges under the compulsory-joinder statute). We agree and

- 5 -

must therefore reverse the trial court's refusal to dismiss the knowing-or-intentional-possessing-of-heroin charge.

We turn to the Commonwealth's claim that the possession-of-heroin-with-intent-to-deliver charge may go forward under the legislative exception to Section 110. The Commonwealth asserts Section 112(1) trumps Section 110 in this case. We agree.

Section 112 provides, in relevant part, that a former "prosecution is not a bar within the meaning of section 109 of this title . . . through section 111 of this title . . . [if t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S.A. § 112(1). Clearly, this provision is an exception to Section 110, because the exception applies to Sections 109 – 111. Thus, we ask whether Johnson's former prosecution occurred before a court that lacked jurisdiction over either him or the possession-of-heroin-with-intent-to-deliver.

Undoubtedly, the municipal court possessed *in personam* jurisdiction over Johnson. Instead, the Commonwealth claims that court lacked subject-matter jurisdiction over the charge of possession of heroin with intent to deliver.

Unlike courts of common pleas with their "unlimited original jurisdiction in all cases," Pa. Const. Art. V, § 5(b), the Philadelphia Municipal Court has limited, original, subject-matter jurisdiction. Our state constitution established the municipal court. "In the City of Philadelphia there shall be a

municipal court . . . and the jurisdiction shall be as provided by law." Pa. Const. Art. V, § 6(c).

The Philadelphia Municipal Court's criminal, subject-matter jurisdiction extends to "summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed . . ." and "criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years . . . ." 42 Pa.C.S.A. § 1123(a)(1),(2). All other criminal offenses occurring in the First Judicial District of Pennsylvania come within the unlimited, original, subject-matter of the Court of Common Pleas of Philadelphia.

Thus, if a possession-of-heroin-with-intent-to-deliver charge falls outside of these parameters, then original, subject-matter jurisdiction lies with the trial court, as opposed to the municipal court. We must examine the maximum length of a potential sentence for possession of heroin with intent to deliver, because, 42 Pa.C.S.A. § 1123(a)(2) ties the Philadelphia Municipal Court's jurisdiction to the maximum length of a criminal offense's incarceration. The jurisdictional threshold is five years' incarceration or less. Any crime punishable by more than five years' incarceration is within the original jurisdiction of the court of common pleas.

The crime at issue here is possession with intent to deliver, which our legislature has codified at 35 P.S. § 780-133(a)(30) (prohibiting "possession with intent to . . . deliver, a controlled substance by a person not registered

under this act, or a practitioner not registered or licensed by the appropriate State board . . . .") "Any person who violates clause . . . (30) of subsection (a) with respect to a controlled substance . . . classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years." 35 P.S. § 780-113(f)(1).

The police allegedly uncovered heroin in plastic baggies on Johnson's person. The legislature had listed heroin as a Schedule I controlled substance. *See* 35 P.S. 780-104(1)(ii)(10). Thus, the maximum possible sentence that Johnson faces for possession of heroin with intent to deliver is 15 years.

Because the maximum possible sentence for the charge of possession of heroin with intent to deliver exceeds the jurisdictional limits of the Philadelphia Municipal Court, Johnson's former prosecution for driving with a suspended license occurred "before a court which lacked jurisdiction over the . . . offense" of possession of heroin with intent to deliver. 18 Pa.C.S.A. § 112(1). Accordingly, the court of common pleas may properly assert its separate, original jurisdiction over that charge under Section 112.

Indeed, the Supreme Court of Pennsylvania left room for a case such as this when it decided ***Perfetto II***. The ***Perfetto II*** Court stated that Perfetto's "former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that ***had jurisdiction*** to adjudicate ***all*** of [his] charges, albeit in the court's General Division." ***Perfetto II***, 207 A.3d at 823

(emphasis added). Therefore, the Court rejected the Commonwealth's claim that the exception in Section 112(1) applied.

Unlike **Perfetto II**, where the summary-offense prosecution occurred before a court that also had jurisdiction over the DUI charge, Johnson's case has not come before a court with jurisdiction over the possession-of-heroin-with-intent-to-deliver offense. Simply stated, he has not yet been in jeopardy for that offense, because the Philadelphia Municipal Court *lacked* jurisdiction to adjudicate it. The Commonwealth has not placed him "in jeopardy of life or limb" regarding that offense. Pa. Const. Art. I, § 10. It may do so for the first time in the court of common pleas.

We therefore affirm the refusal to dismiss the charge of possession of heroin with intent to deliver.

Order affirmed in part and reversed in part. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/19