J-A06028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS TINSLEY, | |
| Appellant | No. 431 EDA 2016 |

Appeal from the Order January 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011849-2013

BEFORE: PANELLA, SHOGAN, and RANSOM, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 16, 2019**

Thomas Tinsley appeals from the trial court's order denying his motion to dismiss based on the compulsory joinder principles of 18 Pa.C.S. § 110. This appeal is on remand from the Supreme Court of Pennsylvania, which granted Appellant's petition for allowance of appeal and vacated our prior decision[1] quashing Appellant's appeal "in light of [its] decision in **Commonwealth v. Perfetto**, [207 A.3d 812 (Pa. 2019)]." Supreme Court Order, 6/27/19, at 1. After careful consideration, we affirm.

The trial court summarized the factual and procedural history of this case as follows:

According to the arresting officer, on September 3, 2013, he saw [Appellant] run a stop sign and pulled him over, at which time he

_____

[1] **Commonwealth v. Tinsley**, 185 A.3d 1141, 431 EDA 2016 (Pa. Super. filed February 23, 2018) (unpublished memorandum).

"recovered" a loaded firearm. He issued [Appellant] a citation for running a stop sign and arrested him for possession of the gun. [Appellant] was charged with Carrying a Firearm While Prohibited, Without a License, and in Public[,] and Possession of an Instrument of Crime.[2] Due to the fact that, in his testimony, the officer did not specify, and his records did not indicate, exactly how or from where the gun was recovered, nor that it was used in a criminal fashion, the latter two charges were dismissed for lack of evidence. At a hearing on [Appellant's] motion to suppress, the same officer testified about the incident in much greater detail, in particular that he found the weapon in the glove box of [Appellant's] vehicle. On November 5, 2013, at a hearing in [Municipal Court, Traffic Division[2]], [Appellant] pled not guilty but was convicted of disregarding a stop sign. [The motion to suppress] was denied on April 23, 2014, and on November 24, 2015, he filed [a] motion to dismiss[,] claiming that his prosecution for the weapons offenses was barred. At the end of the hearing on the motion, the court scheduled the case "must be tried" for May 23, 2016, this appeal was filed the next day, and it does not appear that [Appellant] has requested a stay of proceedings.

>    [2] 75 Pa.C.S. § 3323(b); 18 Pa.C.S. § 6105(a)(1), 6106(a)(1), 6108 & 907(a).

Trial Court Opinion, 4/14/16, at 1-2 (some footnotes omitted).

Appellant presented the following issue for our review:

1.    Did the lower court commit an error of law when, in denying Appellant's Motion to Dismiss for Double Jeopardy based on 18 Pa.C.S. § 110, it cited to and relied upon cases interpreting a prior version of Section 110, which was amended in 2002, and which *now* requires the Commonwealth to join offenses that occurred within one judicial district?

---

[2]  As our Supreme Court explained in *Perfetto*, effective June 19, 2013, the Philadelphia Traffic Court was merged into Philadelphia Municipal Court, which was then reorganized into two divisions: General Division and Traffic Division. *Perfetto*, 207 A.3d at 816 n.1. Because Appellant went before the Philadelphia Municipal Court on November 5, 2013, he was in the Traffic Division of the Philadelphia Municipal Court.

Appellant's Brief at 2 (emphasis in original).

Our standard of review of issues concerning the compulsory joinder rule is plenary. ***Commonwealth v. Reid***, 35 A.3d 773, 776 (Pa. Super. 2012). The compulsory joinder rule states, in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction ... and the subsequent prosecution is for:
> >
> > * * *
> >
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (amended 2002).

In ***Perfetto***, the defendant was cited for a summary offense and charged with three counts of driving under the influence ("DUI"). ***Perfetto***, 207 A.3d at 815. The defendant was found guilty of the summary offense in the Philadelphia Municipal Court, Traffic Division. ***Id.*** After a preliminary hearing, the defendant's DUI charges were bound over for trial. ***Id.*** The defendant filed a motion to dismiss based on the compulsory joinder rule, which the trial court granted, and dismissed the defendant's DUI charges. ***Id.*** The Commonwealth appealed, and a divided *en banc* panel of our Court

reversed the trial court, concluding that the defendant's summary traffic offense could be tried only in the Traffic Division of the Municipal Court; thus, the defendant's subsequent prosecution for his DUI charges did not run afoul of the compulsory joinder rule. *Commonwealth v. Perfetto*, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*). Our Supreme Court granted the defendant's petition for allowance of appeal. On appeal, the Supreme Court reversed this Court's *en banc* decision, noting that while the Traffic Division of the Philadelphia Municipal Court has limited jurisdiction to "consider only summary traffic offenses," the General Division of the Municipal Court "clearly and unambiguously ... has jurisdiction to adjudicate any matter that is properly before [it]." *Perfetto*, 207 A.3d at 823. Thus, the Court concluded that the Commonwealth was precluded from prosecuting the defendant for his pending DUI charges under Section 110(1)(ii), where all of the defendant's offenses could have been adjudicated in the General Division of the Municipal Court. *Id.*

We further note that in *Commonwealth v. Johnson*, ___ A.3d _____, 2019 PA Super 312 (Pa. Super. filed October 16, 2019), this Court recently addressed an issue similar to that presented in this case in light of *Perfetto*. In *Johnson*, the defendant was charged with driving with a suspended license, possession of heroin, and possession with intent to deliver heroin ("PWID"). Before bringing the drug charges in the Court of Common Pleas of Philadelphia, the Commonwealth tried and convicted the defendant of the

summary offense in the Philadelphia Municipal Court (Traffic Division).  *Id.* at *1.  The defendant moved to dismiss the drug charges on the grounds that the Commonwealth was required to try all of his offenses simultaneously.  The defendant asserted that the Commonwealth's failure to do so violated 18 Pa.C.S. § 110 and, as a result, put him in double jeopardy.  *Id.*  Applying this Court's *en banc* decision in **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*), the trial court refused to dismiss either of the drug charges.  *Id.*  The trial court's analysis was correct at the time.  However, as noted, on April 26, 2019, while the appeal in **Johnson** was pending, the Supreme Court of Pennsylvania reversed this Court's *en banc* **Perfetto** decision.  **Perfetto**, 207 A.3d at 812.  As the **Johnson** Court observed:

> The [**Perfetto**] Court concluded that 18 Pa.C.S.A. § 110(1)(ii) barred the Commonwealth from further prosecuting Perfetto's offense of DUI.  The Supreme Court reasoned that all of Perfetto's alleged offenses arose from the same criminal episode, occurred within the same judicial district, the prosecutors knew of the other offenses when they tried the case in the municipal court, and the Philadelphia Municipal Court's General Division had original jurisdiction over both the summary offense and the DUI offense.  Therefore, the Commonwealth needed to try all of its charges in the municipal court.

**Johnson**, ___ A.3d at ___, 2019 PA Super 312 at *2.

Applying **Perfetto** to the facts of the case before it, the **Johnson** Court concluded that the PWID charge was not barred by 18 Pa.C.S. § 110 or the holding in **Perfetto**.  In so doing, this Court explained:

> Section 112 provides, in relevant part, that a former "prosecution is not a bar within the meaning of section 109 of this title ... through section 111 of this title ... [if t]he former

prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S.A. § 112(1). Clearly, this provision is an exception to Section 110, because the exception applies to Sections 109 – 111. Thus, we ask whether Johnson's former prosecution occurred before a court that lacked jurisdiction over either him or the possession-of-heroin-with-intent-to-deliver [charge].

Undoubtedly, the municipal court possessed *in personam* jurisdiction over Johnson. Instead, the Commonwealth claims that court lacked subject-matter jurisdiction over the charge of possession of heroin with intent to deliver.

Unlike courts of common pleas with their "unlimited original jurisdiction in all cases," Pa. Const. Art. V, § 5(b), the Philadelphia Municipal Court has limited, original, subject-matter jurisdiction. Our state constitution established the municipal court. "In the City of Philadelphia there shall be a municipal court ... and the jurisdiction shall be as provided by law." Pa. Const. Art. V, § 6(c).

The Philadelphia Municipal Court's criminal, subject-matter jurisdiction extends to "summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed ..." and "criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years ...." 42 Pa.C.S.A. § 1123(a)(1),(2). All other criminal offenses occurring in the First Judicial District of Pennsylvania come within the unlimited, original, subject-matter of the Court of Common Pleas of Philadelphia.

Thus, if a possession-of-heroin-with-intent-to-deliver charge falls outside of these parameters, then original, subject-matter jurisdiction lies with the trial court, as opposed to the municipal court. We must examine the maximum length of a potential sentence for possession of heroin with intent to deliver, because, 42 Pa.C.S.A. § 1123(a)(2) ties the Philadelphia Municipal Court's jurisdiction to the maximum length of a criminal offense's incarceration. The jurisdictional threshold is five years' incarceration or less. Any crime punishable by more than five years' incarceration is within the original jurisdiction of the court of common pleas.

*Johnson*, ___ A.3d at ___, 2019 PA Super 312 at *3.

This Court further explained that the PWID charge was a felony, and upon conviction thereof the defendant could be sentenced to imprisonment for up to fifteen years. *Id.* at ___, 2019 PA Super 312 at *4. As a result, the *Johnson* Court concluded that prosecution for the PWID charge was not barred by 18 Pa.C.S. § 110. The Court explained:

> Because the maximum possible sentence for the charge of [PWID] exceeds the jurisdictional limits of the Philadelphia Municipal Court, Johnson's former prosecution for driving with a suspended license occurred "before a court which lacked jurisdiction over the ... offense" of [PWID]. 18 Pa.C.S.A. § 112(1). Accordingly, the court of common pleas may properly assert its separate, original jurisdiction over that charge under Section 112.

> Indeed, the Supreme Court of Pennsylvania left room for a case such as this when it decided [***Perfetto]***. The [***Perfetto***] Court stated that Perfetto's "former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate all of [his] charges, albeit in the court's General Division." [***Perfetto***], 207 A.3d at 823 (emphasis added). Therefore, the Court rejected the Commonwealth's claim that the exception in Section 112(1) applied.

> Unlike [***Perfetto***], where the summary-offense prosecution occurred before a court that also had jurisdiction over the DUI charge, Johnson's case has not come before a court with jurisdiction over the [PWID] offense. Simply stated, he has not yet been in jeopardy for that offense, because the Philadelphia Municipal Court lacked jurisdiction to adjudicate it. The Commonwealth has not placed him "in jeopardy of life or limb" regarding that offense. Pa. Const. Art. I, § 10. It may do so for the first time in the court of common pleas.

*Johnson*, ___ A.3d at ___, 2019 PA Super 312 at *4. Accordingly, this Court affirmed the trial court's refusal to dismiss the charge of PWID on the basis of 18 Pa.C.S. § 110 and *Perfetto*. *Id.*

We find *Johnson* to be dispositive in the matter *sub judice*. As outlined previously, Appellant was charged with disregarding a stop sign, possession of firearms prohibited, and firearms not to be carried without a license: all charges resulted from a single criminal episode. Appellant was convicted of disregarding a stop sign in Philadelphia Municipal Court, Traffic Division, on November 5, 2013. The remaining firearms charges were as follows: possession of firearm prohibited, 18 Pa.C.S. § 6105(a)(1), graded as a felony of the second degree,[3] and firearm not be carried without a license, 18 Pa.C.S. § 6101(a)(1), graded as a felony of the third degree. Criminal Complaint, 9/4/13, at 1. A felony of the second degree is punishable by imprisonment for up to ten years, and a felony of the third degree is punishable by imprisonment up to seven years. 18 Pa.C.S. § 1103. Thus, convictions for each of these crimes subjects the defendant to sentences of imprisonment in excess of five years. As a result, the Philadelphia Municipal Court lacked jurisdiction to adjudicate these charges. *Johnson*, ___ A.3d at ___, 2019 PA

---

[3] We note that in various documents in the record, the charge of possession of a firearm prohibited was erroneously graded as a misdemeanor one. After review of the record, we are satisfied that the proper grading of this offense is as a felony two. *See* Criminal Complaint, 9/4/13, at 1 (indicating that the charge at 18 Pa.C.S. § 6105 was for possession of firearm prohibited – a former conviction, and grading the offense as a felony of the second degree).

Super at *3; 42 Pa.C.S. § 1123(a)(1),(2) (The Philadelphia Municipal Court's criminal, subject-matter jurisdiction extends to ..."criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years ...."). Instead, the jurisdiction for these charges lies in the court of common pleas. **Johnson**, ___ A.3d at ___, 2019 PA Super at *3. Thus, the firearms charges could not have been brought in the Philadelphia Municipal Court.

Therefore, the trial court's determination does not run afoul of the holding in **Perfetto**, and the trial court properly denied Appellant's motion to dismiss. We therefore affirm the trial court's refusal to dismiss the firearms charges.

Order affirmed.

Judge Ransom did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/19