J-A01028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JHARON DOCKERY | : | |
| | : | |
| Appellant | : | No. 504 EDA 2020 |

Appeal from the Order Entered January 27, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004424-2019

BEFORE: BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OLSON, J.:                           **FILED APRIL 07, 2021**

Appellant, Jharon Dockery, appeals from the January 27, 2020 order

denying, in part, his motion to dismiss the charge of possession of a controlled

substance with the intent to deliver.[1]  We affirm.

The trial court summarized the factual history as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).  The record demonstrates that Appellant was charged with the felony offense of possession with the intent to deliver less than one pound of marijuana (a Schedule I controlled substance) and an unknown amount of cocaine (a Schedule II controlled substance), as well as the misdemeanor offenses of intentional possession of a controlled substance, 35 P.S. § 780-113(a)(16), possession of marijuana, 35 P.S. § 780-113(a)(31), and possession of drug paraphernalia, 35 P.S. § 780-113(a)(32).  **See** Criminal Information, 6/24/19.  In its January 27, 2020 order, the trial court granted, in part, Appellant's motion to dismiss as it pertained to the three misdemeanor offenses.

[Appellant's] arrest in this case arose from a [] stop of his vehicle by officers of the Philadelphia Police Department on March 1, 2019. During the [vehicle] stop, the [police] officers recovered crack cocaine, marijuana, and drug paraphernalia from the vehicle. Although [Appellant] fled from the area before the [police] officers could take him into custody, he was arrested 12 days later and charged with [the] felony [offense of possession with the intent to deliver (cocaine and marijuana)] and [the] three [afore-mentioned] misdemeanor drug [offenses]. *See* Docket, CP-51-CR-0004424-2019.

The [police] officers who [] stopped [Appellant's vehicle] also [] issued a traffic citation to him for operating a vehicle without headlights [in violation of] 75 Pa.C.S.[A.] § 4303(a), a charge that was docketed separately from the instant case. *See* Traffic Docket, Citation I8S0485763 [(]attached as "Exhibit A" to [Appellant's] Motion to Dismiss[)]. On May 3, 2019, [Appellant] was found guilty *in absentia* for the traffic offense in the Traffic Division of the Philadelphia Municipal Court.

On January 22, 2020, [Appellant] moved to dismiss the four drug charges in this case, claiming that the Commonwealth had been required to try those charges simultaneously with the traffic charge. Given that he had already been tried and convicted for the traffic offense in the [Traffic Division of the] Philadelphia Municipal Court, [Appellant] argued that further prosecution of the drug charges would violate the protection from subsequent prosecutions afforded to him by Pennsylvania's compulsory joinder statute, 18 Pa.C.S.[A.] § 110. In his motion[ to dismiss the four drug charges, Appellant] acknowledged that dismissal of the felony [possession with the intent to deliver] charge would be contrary to the holding in **Commonwealth v. Johnson**, 221 A.3d 217 (Pa. Super. 2019), [*appeal granted*, 237 A.3d 962 (Pa. 2020),] but contended that the holding in **Johnson** was erroneous.

On January 27, 2020, [the trial c]ourt granted[, in part, Appellant's] dismissal motion as to the three misdemeanor [drug] charges but denied [the dismissal motion, in part,] as to the felony [possession with the intent to deliver] charge.[FN2]

[FN2] At the hearing on [Appellant's] dismissal motion, the Commonwealth conceded that dismissal of the three misdemeanor drug charges was appropriate in light of []

- 2 -

> ***Johnson***, [*supra*,], and ***Commonwealth v. Perfetto***, 207
> A.3d 812 (Pa. 2019).

Trial Court Opinion, 4/28/20, at 2-3 (some record citations omitted).  This

appeal followed.[2]

Appellant raises the following issue for our review:

> Did [] the [trial] court err in denying Appellant's motion to dismiss
> pursuant to 18 Pa.C.S.[A. § 110(1)(ii)] where Appellant had
> previously been convicted of [a traffic offense] which arose from
> the same criminal episode in the same judicial district as the
> [possession with intent to deliver] offense in the instant case?

Appellant's Brief at 3.

Preliminarily, we note that although the trial court failed to adhere to

the requirements of Pennsylvania Rule of Criminal Procedure 587(B),[3] which

_____

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[3] Pennsylvania Rule of Criminal Procedure 587(B) states, in pertinent part,

### Rule 587. Motion for Dismissal
. . .
### (B) Double Jeopardy

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion).  The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the [trial court] shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

pertains to motions for dismissal on grounds of double jeopardy, "an order denying a double jeopardy motion, that makes no finding that the motion is frivolous, is a collateral order"[4] under Pennsylvania Rule of Appellate

---

(4) In a case in which the [trial court] denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the [trial court] makes a finding that the motion is frivolous, the [trial court] shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure [1311] within 30 days of the order denying the motion.

(6) If the [trial court] denies the motion but does not find it frivolous, the [trial court] shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(1-6). We note that Rule 1311 was formerly cited as Pa.R.A.P. 1573.

Here, a review of the record demonstrates that the trial court failed to comply with Rule 587(B)(3) through (6) when it denied, in part, Appellant's double jeopardy motion. In particular, at the conclusion of the hearing held on Appellant's double jeopardy motion, the trial court failed to enter on the record a statement of findings of fact and conclusions of law and to enter a written order denying Appellant's double jeopardy motion pursuant to Rule 587(B)(3). Furthermore, the trial court, in denying, in part, Appellant's double jeopardy motion, failed to make a specific finding as to the frivolousness of Appellant's double jeopardy motion pursuant to Rule 587(B)(4). **See** Trial Disposition and Dismissal Form, 1/27/20. Finally, because the trial court did not find Appellant's motion to be frivolous, the trial court was required, but failed, to notify Appellant that the denial of his double jeopardy motion was immediately appealable as a collateral order. **See** Rule 587(B)(6).

[4] A collateral order is defined as "order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

Procedure 313 and, therefore, is immediately appealable. ***Commonwealth v. Gross***, 232 A.3d 819, 832-833 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 307 (Pa. 2020); ***see also*** Pa.R.A.P. 313(a) (stating, "[a]n appeal may be taken as of right from a collateral order of a trial court"). Therefore, this Court has appellate jurisdiction over the trial court's collateral order denying, in part, Appellant's double jeopardy motion. ***Gross***, 232 A.2d at 833 n.1.

Appellant's challenge to the trial court's denial, in part, of his double jeopardy motion presents a pure question of law because the relevant facts of the case are undisputed. Consequently, our standard of review is *de novo*, as with all questions of law, and our scope of review is plenary. ***Perfetto***, 207 A.3d at 821.

Section 110 of the Pennsylvania Crimes Code, also known as the compulsory joinder statute, states, in pertinent part,

**§ 110.  When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the

appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii).

Subsection 110(1)(ii) of the compulsory joinder statute clearly and unambiguously contains four primary elements, which, if met, preclude a prosecution due to a former prosecution for a different offense:

(1)    the former prosecution must have resulted in an acquittal or conviction;

(2)    the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3)    the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4)    the current offense occurred within the same judicial district as the former prosecution.

**Perfetto**, 207 A.3d at 821 (citation omitted). Section 112 of the Crimes Code operates as an exception to Section 110, however, permitting subsequent prosecution of an offense when the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S.A. § 112(1). **See Commonwealth v. Atkinson,** \_\_\_ A.3d \_\_\_, 2021 WL 419172, *2 (Pa. Super. 2/28/21) (en banc).

Here, Appellant argues that he satisfied the four-prong test for application of Section 110(1)(ii), as set forth in **Perfetto**, and, therefore, his possession with intent to deliver charge should have been dismissed on double

jeopardy grounds. Appellant's Brief at 9. Appellant concedes that the circumstances in the instant case are indistinguishable from the facts presented in *Johnson*, where this Court held that pursuant to Rule 112, the subsequent prosecution of the defendant for a possession with intent to deliver (heroin) charge before the Court of Common Pleas of Philadelphia County did not violate the defendant's rights against double jeopardy because the Philadelphia Municipal Court lacked subject-matter jurisdiction to adjudicate the matter since the offense was punishable by a maximum sentence of greater than 5 years' incarceration.[5] *Id.*; *see also Johnson*, 221 A.3d at 221. Appellant asserts, however, that this Court's decision in *Johnson* was "wrongly decided[.]" Appellant's Brief at 9. We disagree.

In denying Appellant's request to dismiss the possession with intent to deliver charge on double jeopardy grounds, the trial court stated,

> a key question in this case is whether the Philadelphia Municipal Court could have exercised jurisdiction over the [possession with intent to deliver] charge when it adjudicated [Appellant's] traffic citation for operating a vehicle without headlights. Clearly, the [Philadelphia] Municipal Court could not have done so. The [Philadelphia] Municipal Court's subject-matter jurisdiction does not extend to criminal offenses punishable by a term of imprisonment greater than five years. *See Johnson*, 221 A.3d [at] 220 (*citing* 42 Pa.C.S.[A.] § 1123(a)(1), (2)). Because the [possession with intent to deliver] charge alleges the delivery of crack cocaine, it carries a maximum possible penalty of ten years[' incarceration]. 35 P.S. [§] 780-113(f)(1.1). Therefore, the

---

[5] The offense of possession with the intent to deliver (heroin) was punishable by a maximum sentence of 15 years' incarceration. *Johnson*, 221 A.3d at 221.

> [Philadelphia] Municipal Court lacked jurisdiction over the [possession with intent to deliver] charge, and pursuant to 18 Pa.C.S.[A.] § 112(1), the Commonwealth is not barred from continuing to prosecute that offense in [the Court of Common Pleas in Philadelphia County].

Trial Court Opinion, 4/28/20, at 4.

A review of the record demonstrates that Appellant was convicted of a traffic summary offense for operating a vehicle without headlights, in violation of 75 Pa.C.S.A. § 4303(a), in Philadelphia Traffic Court, a division of Philadelphia's Municipal Court. *See* Appellant's Motion to Dismiss, 1/22/20, at Exhibit A. The Commonwealth concedes, and we agree, that Appellant's three misdemeanor drug charges were required to be brought against him at the same time as the traffic summary offense, pursuant to Section 110(1)(ii), and that those misdemeanor drug charges were properly dismissed on double jeopardy grounds. N.T., 1/27/20, at 5; *see also* Commonwealth's Brief at 5-7. Appellant's possession with the intent to deliver charge, however, involved cocaine and less than one pound of marijuana. Cocaine is a Schedule II narcotic, and the punishment for possession with the intent to deliver cocaine is, *inter alia*, a maximum sentence of 10 years' incarceration. *See* 35 P.S. § 780-113(f)(1.1) (stating, a defendant convicted of possession with the intent to deliver cocaine shall, *inter alia*, "be sentenced to imprisonment not exceeding ten years); *see also* 35 P.S. §780-104(2)(i)(4) (designating cocaine as a Schedule II narcotic). The Philadelphia Municipal Court has subject-matter jurisdiction to adjudicate offenses punishable by 5 years'

incarceration, or less.[6]   Therefore, the Philadelphia Municipal Court lacked
subject-matter jurisdiction to adjudicate Appellant on his possession with
intent to deliver (cocaine) charge and the matter was subject to adjudication
before the Court of Common Pleas of Philadelphia County.  ***See Johnson***, 221
A.3d at 221.  Because Appellant's possession with intent to deliver charge was
formerly before the Philadelphia Municipal Court, which lacked subject-matter
jurisdiction over the matter, Section 112 provides an exception to the
compulsory joinder statute, Section 110(1)(ii), and permits the charge to be
brought in the Court of Common Pleas of Philadelphia County without violating

---

[6] Section 1123 of the Judicial Code states, in pertinent part,

### § 1123. Jurisdiction and venue

**(a) General rule.**--Except as otherwise prescribed by any
general rule adopted pursuant to section 503 (relating to
reassignment of matters), the Philadelphia Municipal Court shall
have jurisdiction of the following matters:

(1) Summary offenses, except those arising out of the same
episode or transaction involving a delinquent act for which a
petition alleging delinquency is filed under Chapter 63 (relating
to juvenile matters).

(2) Criminal offenses by any person (other than a juvenile) for
which no prison term may be imposed or which are
**punishable by imprisonment for a term of not more than
five years**, including indictable offenses under Title 75
(relating to vehicles).

42 Pa.C.S.A. § 1123(a)(1) and (2) (emphasis added).

Appellant's constitutional rights against double jeopardy.[7] **See Johnson**, 221 A.3d at 221. **See also Atkinson,** 2021 WL 419172 at *3. Consequently, we discern no error of law or abuse of discretion in the trial court's denial, in part, of Appellant's motion to dismiss the possession with intent to deliver charge on grounds of double jeopardy.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>4/7/2021</u>

---

[7] Article I, Section 10 of the Pennsylvania Constitution states that, "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb[.]" Pa Const. Art. I, § 10.