J-S06028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC SYDNEY | : | |
| | : | |
| Appellant | : | No. 972 EDA 2020 |

Appeal from the Order Entered March 3, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007577-2018

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 20, 2021**

Appellant Eric Sydney appeals from the trial court's order denying his pretrial motion to dismiss the charges of possession of firearm by a person prohibited, carrying a firearm without a license, receiving stolen property, and carrying a firearm in public in Philadelphia,[1] pursuant to the compulsory joinder rule.[2]  Appellant argues that following his conviction for a summary

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 3925(a), and 6108, respectively.

[2] 18 Pa.C.S. § 110.  "Pennsylvania law traditionally provided a criminal defendant the right to an immediate appeal from an order denying a pretrial motion to dismiss on double jeopardy grounds." **Commonwealth v. Kemick**, 240 A.3d 214, 217 (Pa. Super. 2020) (citations omitted and formatting altered).  "If the trial court enters an order denying the motion to dismiss on double jeopardy grounds and in doing so, makes no finding, in writing, that the motion is frivolous, then the order is a collateral order under Rule 313 and is immediately appealable." **Id.** (citations omitted).

traffic offense arising from the same criminal episode as the instant offenses, the compulsory joinder rule bars the prosecution for these charges. Specifically, Appellant contends that this Court's decision in **Commonwealth v. Johnson**, 221 A.3d 217 (Pa. Super. 2019) (**Johnson I**), *appeal granted*, 237 A.3d 962 (Pa. 2020), was wrongly decided. Because our Supreme Court recently reversed **Johnson I** in **Commonwealth v. Johnson**, ___ A.3d ___, 23 EAP 2020, 2021 WL 1133029 (Pa. filed Mar. 25, 2021) (**Johnson II**), we agree with Appellant and reverse the trial court's order.

Because we write for the parties, we need not reiterate the factual and procedural background of this matter. Briefly, we note that Appellant was convicted *in absentia* in the Traffic Division of the Philadelphia Municipal Court of a summary offense that arose from the same criminal episode as the above-mentioned offenses. Appellant then filed a motion requesting that the Philadelphia Court of Common Pleas (trial court) dismiss the instant charges pursuant to the compulsory joinder rule. On March 3, 2020, the trial court denied Appellant's motion to dismiss, and this timely appeal followed.

Appellant argues that pursuant to Section 110 and **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019), the charges against him should have been dismissed. Appellant's Brief at 6-17. As noted above, Appellant claims that

the trial court erred by relying on ***Johnson I***, because ***Johnson I*** was wrongly decided.[3] ***Id.*** at 6-7.

The Commonwealth responds that ***Johnson I*** was controlling in this matter. Commonwealth's Brief at 4-7.

By way of background, Section 110 sets forth the compulsory joinder rule, which prohibits a subsequent prosecution following a former prosecution for a different offense if four elements are met: (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of the instant charges before the trial on the former charges began; and (4) the instant offense occurred within the same judicial district as the former prosecution. ***See Perfetto***, 207 A.3d at 821; ***see also*** 18 Pa.C.S. § 110(1)(ii). In ***Perfetto***, the defendant was charged with three counts of DUI and a summary traffic offense arising out the same criminal episode. ***Perfetto***, 207 A.3d at 815. The ***Perfetto*** Court held that the defendant's conviction before the Philadelphia Municipal Court's Traffic Division for the summary traffic offense barred his subsequent prosecution for DUI. ***See id.*** at 822.

Subsequent to ***Perfetto***, this Court decided ***Johnson I***. The defendant in ***Johnson I*** was charged with possession of heroin with intent to deliver

---

[3] In his brief, Appellant requests that this panel certify his case for a Court *en banc* to overrule ***Johnson I***. Appellant's Brief at 7, 18. In light of our Supreme Court's decision in ***Johnson II***, Appellant's request for consideration by a Court *en banc* is moot.

(PWID), a felony, and possession of heroin, a misdemeanor, and a summary traffic offense arising from the same criminal episode. *See Johnson I*, 221 A.3d at 218. Like in *Perfetto*, the defendant was convicted of the summary traffic offense in a separate proceeding. *See id.* The defendant then sought dismissal of the drug charges pursuant to Section 110. *See id.* This Court distinguished *Perfetto*, and interpreted 18 Pa.C.S. § 112(1) as providing an exception to the compulsory joinder rule where the former prosecution occurred before a court that lacked jurisdiction over the offense charged in the subsequent prosecution. *Id.* at 220-21. The *Johnson I* Court concluded that because a misdemeanor drug charge could have been tried in the Philadelphia Municipal Court, the compulsory joinder rule barred the prosecution of the defendant for that offense. *Id.* at 221. However, because the Philadelphia Municipal Court lacked jurisdiction over the felony PWID charge, the *Johnson I* Court held that Section 112(1) permitted a subsequent prosecution of the defendant for PWID in the Court of Common Pleas. *Id.*

On March 25, 2021, while this appeal was pending, the Pennsylvania Supreme Court reversed this Court's decision in *Johnson I*. *See Johnson II*, 2021 WL 1133029. In *Johnson II*, our Supreme Court rejected *Johnson I*'s interpretation of Section 112(1) and explained that "the Commonwealth must generally assure that known offenses are consolidated at the common pleas level, when they arise out of a single criminal episode and occur in the same judicial district." *Id.*, 2021 WL 1133029 at *6. The Supreme Court remanded the case for dismissal of the PWID charge. *Id.*

- 4 -

Here, the trial court expressly relied on ***Johnson I*** and its interpretation of Section 112(1) in denying Appellant's motion to dismiss pursuant to Section 110. ***See*** Trial Ct. Op., 6/16/20, at 2, 4-5. Pursuant to ***Johnson II***, we are constrained to reverse the trial court's order denying Appellant's motion to dismiss, and we remand this case to the trial court to enter an order dismissing the charges.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2021