J-A01028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JHARON DOCKERY | : | |
| | : | |
| Appellant | : | No. 504 EDA 2020 |

Appeal from the Order Entered January 27, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004424-2019

BEFORE: BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OLSON, J.: **FILED: JUNE 14, 2021**

Appellant, Jharon Dockery, appeals from the January 27, 2020 order that denied his motion to dismiss the felony charge of possession of controlled substances with the intent to deliver.[1] In light of our Supreme Court's recent decision in **Commonwealth v. Johnson**, 247 A.3d 981 (Pa. 2021), we reverse the trial court's January 27, 2020 order as it pertains to the denial of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30). The record demonstrates that Appellant was charged with the felony offense of possession with the intent to deliver less than one pound of marijuana (a Schedule I controlled substance) and an unknown amount of cocaine (a Schedule II controlled substance), as well as the misdemeanor offenses of intentional possession of a controlled substance, 35 P.S. § 780-113(a)(16), possession of marijuana, 35 P.S. § 780-113(a)(31), and possession of drug paraphernalia, 35 P.S. § 780-113(a)(32). **See** Criminal Information, 6/24/19. In the January 27, 2020 order challenged on appeal, the trial court granted Appellant's motion to dismiss the three misdemeanor offenses.

Appellant's motion to dismiss the felony offense of possession of controlled substances with the intent to deliver.[2]

The trial court summarized the factual history as follows:

[Appellant's] arrest in this case arose from a [] stop of his vehicle by officers of the Philadelphia Police Department on March 1, 2019. During the [vehicle] stop, the [police] officers recovered crack cocaine, marijuana, and drug paraphernalia from the vehicle. Although [Appellant] fled from the area before the [police] officers could take him into custody, he was arrested 12 days later and charged with [the] felony [offense of possession with the intent to deliver controlled substances (cocaine and marijuana)] and [the] three [aforementioned] misdemeanor drug [offenses]. *See* Docket, CP-51-CR-0004424-2019.

The [police] officers who [] stopped [Appellant's vehicle] also [] issued a traffic citation to him for operating a vehicle without headlights [in violation of] 75 Pa.C.S.[A.] § 4303(a), a charge that was docketed separately from the instant case. *See* Traffic Docket, Citation I8S0485763 [(]attached as "Exhibit A" to [Appellant's] Motion to Dismiss[)]. On May 3, 2019, [Appellant] was found guilty *in absentia* for the traffic offense in the Traffic Division of the Philadelphia Municipal Court.

On January 22, 2020, [Appellant] moved to dismiss the four drug charges in this case, claiming that the Commonwealth had been required to try those charges simultaneously with the traffic charge. Given that he had already been tried and convicted for the traffic offense in the [Traffic Division of the] Philadelphia Municipal Court, [Appellant] argued that further prosecution of the drug charges would violate the protection from subsequent

_____

[2] On April 7, 2021, relying, in part, on this Court's decision in *Commonwealth v. Johnson*, 221 A.3d 217 (Pa. Super. 2019), the panel filed a memorandum affirming the trial court's January 27, 2020 order insofar as it denied Appellant's motion to dismiss his felony drug offense. On April 21, 2021, Appellant filed a petition for reconsideration after our Supreme Court reversed the decision set forth in *Johnson*, 221 A.3d at 217. *See Johnson*, 247 A.3d at 981. On May 25, 2021, in a *per curiam* order, we granted panel reconsideration and withdrew the April 7, 2021 memorandum.

prosecutions afforded to him by Pennsylvania's compulsory joinder statute, 18 Pa.C.S.[A.] § 110. In his motion[ to dismiss the four drug charges, Appellant] acknowledged that dismissal of the felony [possession with the intent to deliver] charge would be contrary to the holding in **Commonwealth v. Johnson**, 221 A.3d 217 (Pa. Super. 2019),[3] but contended that the holding in **Johnson** was erroneous.

On January 27, 2020, [the trial c]ourt granted[, in part, Appellant's] dismissal motion as to the three misdemeanor [drug] charges but denied [the dismissal motion, in part,] as to the felony [possession with the intent to deliver] charge.[FN2]

> [FN2] At the hearing on [Appellant's] dismissal motion, the Commonwealth conceded that dismissal of the three misdemeanor drug charges was appropriate in light of [] **Johnson**, [*supra*,], and **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019).

Trial Court Opinion, 4/28/20, at 2-3 (some record citations omitted). This appeal followed.[4]

Appellant raises the following issue for our review:

Did [] the [trial] court err in denying Appellant's motion to dismiss pursuant to 18 Pa.C.S.[A. § 110(1)(ii)] where Appellant had previously been convicted of [a summary traffic offense] which arose from the same criminal episode [and] in the same judicial district as the [possession with intent to deliver] offense in the instant case?

Appellant's Brief at 3.

_____

[3] Subsequent to the trial court issuing its April 28, 2020 Rule 1925(a) opinion, our Supreme Court granted Johnson's petition for allowance of appeal but did not author its decision until March 25, 2021.

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Preliminarily, we note that although the trial court failed to adhere to the requirements of Pennsylvania Rule of Criminal Procedure 587(B),[5] which

_____

[5] Pennsylvania Rule of Criminal Procedure 587(B) states, in pertinent part,

**Rule 587. Motion for Dismissal**

. . .

**(B) Double Jeopardy**

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the [trial court] shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the [trial court] denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the [trial court] makes a finding that the motion is frivolous, the [trial court] shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure [1311] within 30 days of the order denying the motion.

(6) If the [trial court] denies the motion but does not find it frivolous, the [trial court] shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(1-6). We note that Rule 1311 was formerly cited as Pa.R.A.P. 1573.

Here, a review of the record demonstrates that the trial court failed to comply with Rule 587(B)(3) through (6) when it denied, in part, Appellant's double jeopardy motion. In particular, at the conclusion of the hearing held on

- 4 -

pertains to motions for dismissal on grounds of double jeopardy, "an order denying a double jeopardy motion, that makes no finding that the motion is frivolous, is a collateral order"[6] under Pennsylvania Rule of Appellate Procedure 313 and, therefore, is immediately appealable. ***Commonwealth v. Gross***, 232 A.3d 819, 832-833 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 307 (Pa. 2020); ***see also*** Pa.R.A.P. 313(a) (stating, "[a]n appeal may be taken as of right from a collateral order of a trial court"). Therefore, this Court has appellate jurisdiction over the trial court's collateral order denying, in part, Appellant's double jeopardy motion. ***Gross***, 232 A.2d at 833 n.1.

Appellant's challenge to the trial court's denial of his double jeopardy motion presents a pure question of law because the relevant facts of the case are undisputed. Consequently, as with all questions of law, our standard of

---

Appellant's double jeopardy motion, the trial court failed to enter on the record a statement of findings of fact and conclusions of law and to enter a written order denying Appellant's double jeopardy motion pursuant to Rule 587(B)(3). Furthermore, the trial court, in denying, Appellant's double jeopardy motion, failed to make a specific finding as to the frivolousness of Appellant's double jeopardy motion pursuant to Rule 587(B)(4). ***See*** Trial Disposition and Dismissal Form, 1/27/20. Finally, because the trial court did not find Appellant's motion to be frivolous, the trial court was required, but failed, to notify Appellant that the denial of his double jeopardy motion was immediately appealable as a collateral order. ***See*** Rule 587(B)(6).

[6] A collateral order is defined as, "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

review is *de novo* and our scope of review is plenary. **Perfetto**, 207 A.3d at 821.

Section 110 of the Pennsylvania Crimes Code, also known as the compulsory joinder statute, states, in pertinent part,

### § 110.  When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii).

Subsection 110(1)(ii) of the compulsory joinder statute clearly and unambiguously contains four primary elements, which, if met, preclude a prosecution due to a former prosecution for a different offense:

(1)    the former prosecution must have resulted in an acquittal or conviction;

(2)    the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

- 6 -

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

***Perfetto***, 207 A.3d at 821 (citation omitted).

Section 112(1) of the Pennsylvania Crimes Code operates as an exception to Section 110, however, permitting subsequent prosecution of an offense when the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S.A. § 112(1). Our Supreme Court recently held that, "the offense" referred to in Section 112(1) "means the offense that was the subject of an initial prosecution resulting in a conviction or acquittal." ***Johnson***, 247 A.3d at 987. The ***Johnson*** Court explained, "[t]he ultimate purport, with respect to the summary-and-greater-offenses paradigm, is that the Commonwealth must generally assure that known offenses are consolidated at the common pleas [court] level, when they arise out of a single criminal episode and occur in the same judicial district." ***Id.***

In ***Johnson***, Johnson was charged with a summary traffic offense and two felony drug offenses stemming from a single traffic stop. ***Id.*** at 982. The felony drug offenses each prescribed a maximum penalty of fifteen years' incarceration. ***Id.*** The Philadelphia Traffic Court, a division of Philadelphia's Municipal Court, convicted Johnson *in absentia* of the summary traffic offense. ***Id.*** The Commonwealth subsequently filed felony drug charges against

Johnson in the Court of Common Pleas in Philadelphia County, whereupon Johnson moved to dismiss the charges on the ground of double jeopardy, "contending that the [Commonwealth] was required to try all of the offenses simultaneously, per the compulsory joinder requirements of Section 110[.]" *Id.* The Commonwealth argued that its subsequent prosecution of the felony drug charges was permitted by Section 112(1). *Id.* at 982-983. Ultimately, our Supreme Court held that Section 112(1) does not provide an exception permitting the Commonwealth's subsequent prosecution of a felony crime at the common pleas court level on the ground that the municipal court, or a division of the municipal court such as the traffic court, lacked jurisdiction over the felony crime due to the potential penalty which could be imposed if the defendant were convicted.[7] *Id.* at 987. Rather, the Commonwealth was

_____

[7] Section 1123 of the Judicial Code states, in pertinent part,

### § 1123. Jurisdiction and venue

**(a) General rule.**--Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), the Philadelphia Municipal Court shall have jurisdiction of the following matters:

(1) Summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed under Chapter 63 (relating to juvenile matters).

(2) Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are **punishable by imprisonment for a term of not more than**

required to consolidate both the summary traffic offense and the greater felony offense arising out of a single criminal episode and occurring in the same judicial district by filing all of the charges with the common pleas court. *Id.*

Here, Appellant argues that he satisfied the four-prong test for application of Section 110(1)(ii), as set forth in **Perfetto**, and, therefore, his possession with intent to deliver charge should have been dismissed on double jeopardy grounds. Appellant's Brief at 9. Appellant asserts that the circumstances in the instant case are indistinguishable from the facts presented in **Johnson**, and the Commonwealth, therefore, was required to consolidate the charges stemming from the traffic stop and bring those charges before the common pleas court. Appellant's Petition for Reconsideration, 4/21/21, at 9. We agree.

In denying Appellant's request to dismiss the possession with intent to deliver charge on double jeopardy grounds, the trial court stated,

> a key question in this case is whether the Philadelphia Municipal Court could have exercised jurisdiction over the [possession with intent to deliver] charge when it adjudicated [Appellant's] traffic citation for operating a vehicle without headlights. Clearly, the [Philadelphia] Municipal Court could not have done so. The

---

**five years**, including indictable offenses under Title 75 (relating to vehicles).

42 Pa.C.S.A. § 1123(a)(1) and (2) (emphasis added). Because Johnson faced a potential maximum sentence of fifteen years' incarceration for each of his two felony charges, the Philadelphia Traffic Court lacked jurisdiction to adjudicate these felony offenses.

[Philadelphia] Municipal Court's subject-matter jurisdiction does not extend to criminal offenses punishable by a term of imprisonment greater than five years. *See Johnson*, 221 A.3d [at] 220 (*citing* 42 Pa.C.S.[A.] § 1123(a)(1), (2)). Because the [possession with intent to deliver] charge alleges the delivery of crack cocaine, it carries a maximum possible penalty of ten years[' incarceration]. 35 P.S. [§] 780-113(f)(1.1). Therefore, the [Philadelphia] Municipal Court lacked jurisdiction over the [possession with intent to deliver] charge, and pursuant to 18 Pa.C.S.[A.] § 112(1), the Commonwealth is not barred from continuing to prosecute that offense in [the Court of Common Pleas in Philadelphia County].

Trial Court Opinion, 4/28/20, at 4.

A review of the record demonstrates that on May 3, 2019, Appellant was convicted *in absentia* of a summary traffic offense for operating a vehicle without headlights, in violation of 75 Pa.C.S.A. § 4303(a), in Philadelphia Traffic Court, a division of Philadelphia's Municipal Court. *See* Appellant's Motion to Dismiss, 1/22/20, at Exhibit A. On June 24, 2019, the Commonwealth charged Appellant with the three aforementioned misdemeanor drug charges and the felony drug offense in the Court of Common Pleas in Philadelphia County. *See* Criminal Information, 6/24/19.

Based upon our Supreme Court's recent decision in *Johnson*, the Commonwealth was required to bring the summary traffic offense, the three misdemeanor drug charges, and the felony drug charge, all stemming from Appellant's traffic stop and occurring in a single judicial district, in a consolidated matter before the Court of Common Pleas in Philadelphia County. *Johnson*, 247 A.3d at 987. Therefore, Appellant's motion to dismiss his felony offense on the ground of double jeopardy was denied in error.

- 10 -

Consequently, we reverse the January 27, 2020 order as it pertains to the trial court's denial of Appellant's motion to dismiss the felony charge of possession of controlled substances (cocaine and marijuana) with the intent to deliver.

Order reversed, in part.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/21